IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIGITAL BASEMENT LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| CHRISTOPHER GORDON, | ) | NO. _____ |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Digital Basement LLC ("Digital Basement" or "Plaintiff") states the following for its Complaint against Defendant Christopher Gordon ("Gordon" or "Defendant").

## NATURE OF THIS ACTION

1.     This is a civil action seeking declaratory, injunctive, and other relief, including attorneys' fees, costs, and expenses, against Mr. Gordon for his acts of threatening suit and alleging that Digital Basement infringed Mr. Gordon's claimed copyright and trademark rights in the ubiquitously used phrase "honey badger don't care." Wishing to be free from Mr. Gordon's repeated, months-long threats, Digital Basement: (a) seeks a declaratory judgment that Digital Basement has not

infringed any copyright or trademark rights Mr. Gordon claims to own; (b) petitions to cancel the four U.S. trademark registrations Mr. Gordon has asserted against Digital Basement; and (c) requests an injunction prohibiting Mr. Gordon from threatening to file suit, or from filing suit, against Digital Basement in connection with his copyright and trademark claims.

## THE PARTIES

2.     Plaintiff Digital Basement LLC is a Georgia corporation, with its principal place of business at 1200 Northmeadow Parkway, Suite 120, Roswell, Georgia 30076.

3.     Digital Basement is a family owned and operated supplier of apparel and novelties.  Since at least as early as 2011, Digital Basement has done business as "SnorgTees" and operated the website www.snorgtees.com, where it sells humorous t-shirts, apparel, and accessories.  A true and accurate copy of the home page for www.snorgtees.com is attached as **Exhibit 1**.

4.     Upon information and belief, Defendant Christopher Gordon is an individual who resides in Los Angeles, California.  Mr. Gordon uses the pseudonym "Randall."

## JURISDICTION & VENUE

5.  Subject matter jurisdiction exists under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338, and 2201 et seq. Specifically, on July 25, 2014, August 4, 2014, and December 18, 2014, counsel for Mr. Gordon sent letters and e-mail correspondence to Digital Basement and its counsel demanding, among other things, that Digital Basement cease selling apparel featuring the phrase "honey badger don't care."

6.  Mr. Gordon claims that Digital Basement has infringed four U.S. trademark registrations that Mr. Gordon owns for the phrase "honey badger don't care":  Reg. Nos. 4,419,079; 4,419,081; 4,281,472; and 4,505,781.  Mr. Gordon also claims to own Copyright Registration Number PA 1-750-515 for "Honey Badger Don't Care," and has asserted that his copyright interests have been infringed by Digital Basement's actions.

7.  This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant transacts business in this State, derives revenue from this State, and has otherwise established contacts within this State making the exercise of personal jurisdiction proper.

8.  Among other things, Mr. Gordon advertises, offers for sale, and sells

products to consumers in this State and this judicial District by way of, at the very least, an interactive website: www.randallshoneybadger.com.  Mr. Gordon owns this domain name and, on information and belief, operates an interactive website at this address which solicits consumers to purchase products bearing the phrase "honey badger don't care."  A true and correct copy of the home page of this website is attached as **Exhibit 2**.

9. On information and belief, consumers in this State and judicial District are able to purchase products bearing the phrase "honey badger don't care" from www.randallshoneybadger.com by clicking on a product directly on the home page or by clicking on the "store" link.  A true and correct copy of the page to which one is directed after clicking "store" is attached as **Exhibit 3**.

10. On the "store" page, a consumer may purchase products bearing the "honey badger don't care" phrase directly from www.randallshoneybadger.com or from Duck Co., Defendant's licensee.

11. When a consumer purchases an item directly from Defendant's store, http://randallshoneybadger.com/honey-badger-products/, he or she selects the product and size, and then clicks "Add to Cart."  The consumer is then sent to a PayPal website to supply payment information (including name, address, and

telephone number) and to make a payment. A true and correct copy of the PayPal page is attached as **Exhibit 4**. Upon information and belief, once payment is processed, Mr. Gordon ships the merchandise to the consumer.

12. When a consumer purchases an item through Mr. Gordon's licensee, Duck Co., he or she first proceeds through the above-described steps on Mr. Gordon's website, including clicking on "store" and selecting the item on http://randallshoneybadger.com/honey-badger-products/. The consumer is then sent to a specific page on www.duckco.com to select the size, supply payment information, and make a payment. A true and correct copy of an example of the page to which one is sent on www.duckco.com is attached as **Exhibit 5**.

13. On information and belief, once payment is processed, Mr. Gordon's licensee Duck Co. ships the merchandise to the consumer. On further information and belief, Duck Co. sells and ships Mr. Gordon's merchandise to residents of this State and judicial District.

14. Mr. Gordon has sold at least one t-shirt bearing "honey badger don't care" directly from http://randallshoneybadger.com/honey-badger-products/ to a consumer in this judicial District. And Mr. Gordon has sold at least one t-shirt bearing "honey badger don't care" through his licensee, Duck Co., to a consumer

5

in this judicial District.

15. On information and belief, Mr. Gordon advertises, markets, offers for sale, and sells merchandise bearing the phrase "honey badger don't care" to consumers in Georgia and this judicial District through additional licensees other than Duck Co.

16. On information and belief, Mr. Gordon has sold numerous products bearing the phrase "honey badger don't care" in this State and this judicial District through his interactive website www.randallshoneybadger.com and/or licensees, and he continues to do so today.

17. In addition to selling apparel and other items featuring the phrase "honey badger don't care," Mr. Gordon markets and sells a book entitled "Honey Badger Don't Care: Randall's Guide To Crazy Nastyass Animals." On information and belief, Mr. Gordon markets, offers for sale, sells, and has undertaken activities to promote this book in Georgia and in this judicial District.

18. Additionally, Mr. Gordon owns and operates a "Randall" Facebook page and a "Randallsanimals" Twitter account, through which Mr. Gordon promotes himself to, markets his products to, and interacts with, persons in this State and judicial District.

19. On information and belief, Mr. Gordon conducts the foregoing (and additional) activities in this State and judicial District, which serve the purported basis on which Mr. Gordon claims he owns "well known" trademark rights in the phrase "honey badger don't care" in this State and judicial District.

20. On further information and belief, Mr. Gordon has launched a mobile "app" bearing the name "The Honey Badger Don't Care," which is marketed, advertised, offered for sale, and sold throughout the United States and, specifically, in this State and this judicial District.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, a substantial portion of the events giving rise to the claims occurred here and a substantial part of the property that is the subject of this action is situated in this District.

22. Pursuant to LR 3.1(B)(2) and (3) of the U.S. District Court for the Northern District of Georgia, venue is proper in this Division because Digital Basement has its principal place of business in this Division, and because a substantial part of the events giving rise to the claims asserted herein occurred in this Division.

## FACTS COMMON TO ALL COUNTS

**A.     Mr. Gordon's YouTube Video Using Others' Prior Works**

23.     "Honey badger don't care" is a phrase used by numerous Internet users, authors, retailers, and producers of a variety of goods.  Simply put, it is and has been in the public domain for several years.

24.     The phrase became popular as the result of an essay written by Danny Vittore and published on the humor website www.cracked.com.  The essay listed "6 Animals That Just Don't Give A F#@k," ranking the honey badger as number one.  A true and correct copy of this essay is attached as **Exhibit 6**.  The essay was published on November 30, 2010, and includes, *inter alia*, examples "of the honey badger's inability to give one hot shit[.]"

25.     On information and belief, Mr. Gordon was "inspired by" and borrowed heavily from Mr. Vittore's humorous essay.  Mr. Gordon also copied a National Geographic video on honey badgers, to which he added approximately three and a half minutes of narration; he then published it on the website YouTube.com under the title "The Crazy Nastyass Honey Badger (original narration by Randall)" on or around January 18, 2011.  The video contains a variety of phrases, including "honey badger is pretty bad ass," "honey badger

8

doesn't give a shit," "honey badger don't care," and "honey badger is so nasty." The video does not feature "honey badger don't care" in its title or otherwise use that phrase as an indicator of source.

**B.     Digital Basement's And Others' Uses Of "Honey Badger Don't Care"**

26.     On information and belief, numerous third parties have used the phrase "honey badger don't care," none of whom have received permission from Mr. Gordon or are affiliated with him in any way.

27.     Indeed, both before and after Mr. Gordon applied to register the phrase as a trademark, a multitude of third parties were using "honey badger don't care" and similar phrases on apparel and novelty items. Attached as **Exhibit 7** are true and correct copies of such third-party offerings, including a Google search from August 11, 2014 displaying such items for sale. On information and belief, numerous other third parties have used and are using in commerce the phrase "honey badger don't care" without permission from or affiliation with Mr. Gordon.

28.     Digital Basement began selling t-shirts bearing the phrase "honey badger don't care" on or around September 26, 2011—before Mr. Gordon applied to register "honey badger don't care" as a trademark.

29.     Digital Basement has never used the phrase "honey badger don't care"

9

as a mark or as an indicator of source, affiliation, or sponsorship.  Rather, it used the phrase in a purely ornamental and aesthetic fashion.  Moreover, shirts bearing "honey badger don't care" sold by Digital Basement were sold through www.snorgtees.com, which prominently features the SNORGTEES trademark, and/or bore SNORGTEES on a neck label and/or hangtag.

### C.   Mr. Gordon's Trademark And Copyright Registrations

30.   Despite ubiquitous use of the phrase "honey badger don't care"—and after Digital Basement began selling apparel bearing the phrase—Mr. Gordon filed four trademark applications in the U.S. Patent and Trademark Office ("PTO") in October 2011.  Based on Mr. Gordon's representations, the PTO issued Registration Nos. 4,419,079, 4,419,081, 4,281,472, and 4,505,781.  True and correct copies of these certificates of registration are attached as **Exhibit 8**.

31.   Registration No. 4,505,781 covers "clothing, namely t-shirts, tank tops, one piece garments for infants and toddlers; long-sleeve shirts, [and] caps." Mr. Gordon filed the application resulting in this registration on October 14, 2011, and claimed in his application to have first used the purported "honey badger don't care" mark on ***all*** of the recited goods on ***February 24, 2011***.

32.   On January 8, 2014, Mr. Gordon filed a statement of use in

connection with Registration No. 4,505,781 admitting that he did not use the phrase "honey badger don't care" on long-sleeve shirts or caps until September 28, 2012.  A true and correct copy of this statement of use is attached as **Exhibit 9**.

33. On September 12, 2014, Mr. Gordon posted on his "Randall" Facebook page "MY HONEY BADGER ONESIES ARE FINALLY AVAILABLE!!!"—despite having represented to the PTO that he had been selling "one piece garment for infants and toddlers" bearing the phrase "honey badger don't care" since February 24, 2011.  A true and correct copy of Mr. Gordon's September 12, 2014 Facebook page posting is attached as **Exhibit 10**.

34. On information and belief, Mr. Gordon has not informed the PTO that he did not begin selling "one piece garments for infants and toddlers" until September 2014.

35. Registration No. 4,281,472 covers "mugs."

36. Digital Basement has not advertised, marketed, distributed, offered for sale, or sold mugs or any sort of drinking ware featuring the phrase "honey badger don't care."  Digital Basement has never used the phrase "honey badger don't care" as a trademark or otherwise as an indicator of source for mugs.

37. Registration No. 4,419,081 covers "Christmas tree ornaments and

decorations; Talking dolls and plush toys."

38. Digital Basement has not advertised, marketed, distributed, offered for sale, or sold Christmas tree ornaments, decorations, or toys (talking or otherwise) featuring the phrase "honey badger don't care." Digital Basement has never used the phrase "honey badger don't care" as a trademark or otherwise as an indicator of source for Christmas tree ornaments, decorations, talking dolls, or plush toys.

39. Registration No. 4,419,079 covers "[a]udio books in the field of comedy, parody and satire; [and] computer application software for mobile phones, portable media players, handheld computers, namely, software for playing games."

40. Digital Basement has not advertised, marketed, distributed, offered for sale, or sold any of the goods listed in Registration No. 4,419,079. Digital Basement has never used the phrase "honey badger don't care" as a trademark or otherwise as an indicator of source for audio books or computer software of any kind.

41. Similarly, Digital Basement has not copied, reproduced, distributed, transmitted, or performed the video that is the subject of Copyright Registration No. PA 1-750-515.

42. The phase "honey badger don't care" is not an indicator of the source

of any good or service provided by Mr. Gordon, or anyone else. Neither consumers nor the general public associate the phrase exclusively with Mr. Randall or any other individual or entity who is using or has used it in commerce.

43. Consumers are not likely to be confused by Digital Basement's ornamental use of the phrase "honey badger don't care" on t-shirts and novelty items.

44. The phrase "honey badger don't care" is not distinctive and has not achieved secondary meaning. Nevertheless, even if it were distinctive, Digital Basement's ornamental use of the phrase "honey badger don't care" on t-shirts and novelty items is not likely to dilute any such distinctiveness of the phrase "honey badger don't care."

45. The phrase "honey badger don't care" is not famous as a trademark, in that it is not widely recognized by the general consuming public of the United States or of Georgia (or any other State) as a designation of source of the goods of Mr. Gordon.

**D.    Mr. Gordon's Threats Over The Past Five Months**

46. Despite his full awareness of the foregoing facts, on information and belief, Mr. Gordon instructed his counsel to send a cease and desist letter to Digital

Basement on or around July 25, 2014.  A true and correct copy of that letter is attached as **Exhibit 11**.

47. The July 25, 2014 letter asserted that Digital Basement's sales of merchandise bearing the phrase "honey badger don't care" infringed Mr. Gordon's rights.  It further sought Digital Basement's compliance with a list of thirteen demands, including payment of money to Mr. Gordon.  If Digital Basement did not comply with all of these demands, the letter threatened to "commence litigation against your company without any further notice."

48. Prior to engaging counsel, Digital Basement informed Mr. Gordon's attorneys that it no longer was selling merchandise featuring the phrase "honey badger don't care."  A true and correct copy of Digital Basement's August 1, 2014 correspondence to Mr. Gordon's counsel is attached as **Exhibit 12**.

49. In fact, Digital Basement had ceased advertising, marketing, offering for sale, or selling products featuring "honey badger don't care" in the late Spring of 2014, well before it received Mr. Gordon's demand letter.

50. Mr. Gordon's counsel sent another demand letter on August 4, 2014.  This letter acknowledged "your alleged removal of infringing merchandise on your website," but stated this was "insufficient to remedy the damage already caused."

The letter claimed "[y]our company also committed copyright infringement" and demanded financial information, apparently to concoct a monetary demand. The letter closed by stating: "If you do not wish to engage in settlement dialogue and refuse to produce the requested information, Mr. Gordon will forthwith pursue all of his rights and remedies against you and your company without further notice." A true and correct copy of the August 4, 2014 letter is attached as **Exhibit 13**.

51. On August 14, 2014, Digital Basement's counsel sent a letter responding to Mr. Gordon's counsel's August 4, 2014 letter. A true and correct copy of this letter is attached as **Exhibit 14**.

52. The August 14, 2014 letter explained the deficiencies in Mr. Gordon's various claims. And it stated—as Digital Basement already had informed Mr. Gordon's counsel—that Digital Basement would agree prospectively, and purely for purposes of settling this dispute, not to use the phrase "honey badger don't care."

53. The August 14, 2014 letter did *not* provide the sales, inventory, or other information that Mr. Gordon's July 25, 2014 and August 4, 2014 letters requested.

54. Neither Mr. Gordon nor his attorneys responded to the August 14,

2014 letter. Months later, on December 18, 2014, Mr. Gordon's counsel sent an e-mail requesting that Digital Basement enter into a tolling agreement. A true and correct copy of the December 18, 2014 e-mail is attached as **Exhibit 15**.

55. In the December 18, 2014 e-mail, Mr. Gordon's attorney again threatened to "commence litigation" if Digital Basement did not comply with Mr. Gordon's demands.

56. A ripe and substantial controversy exists between Digital Basement and Mr. Gordon as to whether Mr. Gordon owns any protectable rights in the phrase "honey badger don't care" and, if so, whether Digital Basement's ornamental use of that phrase on t-shirts infringed, diluted, or competed unfairly with such rights. The parties' legal interests are adverse to one another on these issues. And, in light of Mr. Gordon's attorney's repeated threats of filing suit against Digital Basement over the course of the past five months, Digital Basement has a reasonable apprehension of being sued by Mr. Gordon.

### FIRST CAUSE OF ACTION
**(Cancelation Of Trademark Registration Nos. 4,419,079, 4,419,081, 4,281,472, and 4,505,781)**

57. Digital Basement repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

58. This Court may "order the cancelation of registrations, in whole or in part" pursuant to 15 U.S.C. § 1119.

59. Mr. Gordon's uses of the phrase "honey badger don't care" on the various goods identified in Registration Nos. 4,419,079, 4,419,081, 4,281,472, and 4,505,781 are merely ornamental.

60. Mr. Gordon's uses of the phrase "honey badger don't care" do not identify the source of these goods or serve any other trademark function.

61. Neither the consumers of these goods nor the general public associates the phrase "honey badger don't care" with Mr. Gordon or any single person or entity. Mr. Gordon thus cannot establish secondary meaning or that the phrase is used as, or is understood by the public to be, a trademark.

62. Additionally, Mr. Gordon had not used in commerce his purportedly trademark phrase "honey badger don't care" on all of the goods recited in Registration No. 4,505,781. Accordingly, that registration is void *ab initio* and should be cancelled.

63. Mr. Gordon was fully aware of the foregoing facts when he filed the application that led to Registration No. 4,505,781, and when he filed the January 8, 2014 Statement of Use in connection with the same. Accordingly, the registration

was obtained fraudulently and should be cancelled.

64. For all of the foregoing reasons, Registration Nos. 4,419,079, 4,419,081, 4,281,472, and 4,505,781 should be cancelled.

## SECOND CAUSE OF ACTION
### (Declaration Of Non-Infringement)

65. Digital Basement repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

66. An actual and justiciable controversy exists between Digital Basement and Mr. Gordon with respect to Digital Basement's past use of the phrase "honey badger don't care."

67. Digital Basement has not copied, reproduced, distributed, transmitted, or performed the video that is the subject of Copyright Registration No. PA 1-750-515.

68. Digital Basement has not otherwise infringed any valid copyright interest owned by Mr. Gordon.

69. Digital basement has not marketed, advertised, distributed, offered for sale, or sold any of the goods listed in Trademark Registration Nos. 4,419,079, 4,419,081, 4,281,472 featuring the phrase "honey badger don't care."

70. Digital Basement's use of the phrase "honey badger don't care" on

apparel was purely ornamental.

71.   No likelihood of confusion exists or ever existed with respect to Digital Basement's use of the phrase "honey badger don't care."

72.   Digital Basement is not aware—and, on information and belief, Mr. Gordon is not aware—of any actual confusion that resulted from Digital Basement's use of the phrase "honey badger don't care."

73.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 et seq., Digital Basement requests that this Court declare that Digital Basement's use of the phrase "honey badger don't care" has not infringed, diluted, or competed unfairly with, any rights owned by Mr. Gordon under Federal or State law.

## **PRAYER FOR RELIEF**

WHEREFORE, Digital Basement prays that a judgment be entered:

1.   Canceling Federal Trademark Registration Nos. 4,419,079, 4,419,081, 4,281,472, and 4,505,781;

2.   Declaring that Digital Basement has not infringed any copyright or trademark rights held by Mr. Gordon, has not diluted any trademark rights owned by Mr. Gordon, and has not in any other way acted deceptively or competed unfairly with Mr. Gordon or his interests;

3. Enjoining Mr. Gordon from threatening to file or filing suit against Digital Basement in connection with his purported copyright and trademark claims;

4. Requiring Defendant to pay to Digital Basement the costs of this action and Digital Basement's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

5. Awarding Digital Basement such other and further relief as the Court may deem just.

Date:   December 23, 2014

By: *[signature: Charles K. Hooker III]*
**KILPATRICK TOWNSEND & STOCKTON LLP**
R. Charles Henn Jr.
Charles H. Hooker III
Michael J. Breslin
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Fax: (404) 815-6555

E-Mail:   CHenn@KilpatrickTownsend.com
          CHooker@ KilpatrickTownsend.com
          MBreslin@ KilpatrickTownsend.com

*Attorneys for Plaintiff*