# Exhibit 11

SAMUEL KRANE (1941-2014)
MARC SMITH
RALPH C. LOEB
JEREMY D. SMITH
DANIEL L. REBACK
BENJAMIN J. SMITH

OF COUNSEL
SAMUEL J. SMITH
CYNTHIA R. HODES

**KRANE & SMITH**
A PROFESSIONAL CORPORATION
SUITE 600
16255 VENTURA BOULEVARD
**ENCINO, CALIFORNIA 91436-2302**

TELEPHONE (818) 382-4000
FACSIMILE (818) 382-4001

July 25, 2014

**VIA EMAIL:**
orders@snorgtees.com
ideas@snorgtees.com
business@snorgtees.com
wholesale@snorgtees.com
chiefnerd@snorgtees.com
**AND FIRST CLASS U.S. MAIL**

**Snorg Tees**
**Matt Walls**
1200 Northmeadow Parkway
STE 120
Roswell, GA 30076

Re:   Your Infringement, Dilution, and Unfair Competition of
      Christopher Gordon's Trademarks

Dear Mr. Walls:

Please be advised that this law firm represents Mr. Christopher Gordon ("Gordon") in connection with the enforcement of his intellectual property rights. Gordon is the owner of the well-known trademark "Honey Badger Don't Care." Gordon has used and actively promoted this mark for a number of years, and has invested considerable time and money establishing exclusive proprietary rights in the mark. The mark and variations thereof (the "Mark") are registered with the United States Patent and Trademark Office under the following Registration Numbers: 4,419,079; 4,419,081; 4,281,472; and 4,505,781.

As you are undoubtedly aware, Gordon used the "Honey Badger Don't Care" phrase for his renowned video performance he published on YouTube. Gordon's YouTube video has generated over 68 million views. The entire video performance has been copyrighted. (The Registration Number is PA 1-750-515, the effective date of registration is June 15, 2011, and the title is "Honey Badger Don't Care".)

We are in receipt of documentation indicating that your company, via www.snorgtees.com, is promoting, advertising, distributing and/or selling merchandise by improperly infringing and trading on the goodwill of Gordon's trademarks. This is including but not limited to using "Honey Badger Don't Care" on t-shirts and other merchandise. Please be advised that your company's conduct constitutes, among other things, infringement of Gordon's rights in the Mark and unfair competition under federal and state

Page 2
**Matt Walls**
Re: Christopher Gordon's Trademarks
July 25, 2014

law.  This is particularly so, since it is likely to cause confusion among consumers.

Please be advised that applicable federal and state law provides Gordon with a variety of legal remedies, and subjects your company to significant exposure.  Possible legal remedies include injunctive relief and monetary damages.  For your company's trademark infringement alone, Gordon is entitled to recovery of your company's profits, recovery of Gordon's damages, treble damages (an award up to triple the amount of lost profits, actual damages and costs), statutory damages, punitive damages, and recovery of all attorney's fees incurred.

We sincerely hope, however, that litigation will not be necessary to protect Gordon's rights and that an amicable resolution can be reached.  In order to reach such a resolution, your company must immediately cease and desist from any such unlawful activities and agree, in writing, to comply with the following demands:

1.   Cease and desist using the Mark in any manner whatsoever including, but not limited to, in connection with your company's sales of merchandise bearing Mr. Gordon's Marks;

2.   Provide accurate, complete, and verifiable information of the quantity, location and dollar value of all existing inventories of all infringing products;

3.   Provide accurate, complete, and verifiable information of the dates, quantity and dollar value of all infringing products sold as well as each retailer or wholesaler (online or brick and mortar) you have sold/consigned the infringing products to;

4.   Provide accurate, complete, and verifiable information of the cost of goods of all infringing products sold;

5.   The date(s) of production of all infringing products;

6.   Remove all references to "Honey Badger Don't Care" and related phrases from your websites, advertising, promotional material and other places that it appears on the internet;

7.   Cease and desist using the Mark in all your company's advertising, including but not limited to, titles, keywords, slogans, copy, tags, hidden text and URLs on all search engines including but not limited to: Google.com, AOL.com, Ask.com, Excite.com and YouTube.com.  To be clear, your company must agree to cease and desist using the Mark in all forms of advertising whether it be internet, articles, print, television or radio;

8.   Cease and desist from using the Mark, or any slogans or any variations thereof, in any social networking sites;

9.   Remove any references to the Mark, or any slogans or any variations thereof, from all of your company's websites, source codes, articles,

Page 3
**Matt Walls**
Re: Christopher Gordon's Trademarks
July 25, 2014

blogs, and social networking sites;

10.    Cease and desist from bidding on Gordon's trademarks, slogans, and copyrighted materials on Google.com and other search engines;

11.    Agree not to use Gordon's trademarks, slogans or any variations thereof in the future;

12.    Supporting documentation for the above; and

13.    Agree that a payment be made to Gordon in an amount to be mutually agreed upon as compensation for any damages he has incurred as a result of your actions.

Pursuant to a duty imposed by law, it is important that you preserve and maintain certain records, documents, notes and writings that relate to this matter. This includes paper, email, faxes, photographs, electronic information, tapes, computerized storage devices and all other media and methods of storage. Upon receipt of this letter, you are prohibited from destroying, erasing, or over-writing any documents, emails, photographs, or other writings that relate to this matter, regardless of their physical form, type or date. The consequences of destruction are severe. Extra care must be taken for electronic writings, which can be erased by the mere storage of new data. Electronic writings should not be overridden or erased.

Unless your company provides us a satisfactory written response to these demands by **August 1, 2014**, Gordon will have no alternative but to commence litigation against your company without any further notice. We look forward to a prompt response to this letter from your company or its attorneys, and trust that you will join us in an amicable resolution of this matter.

Should you have any questions, please feel free to contact me. Please be advised that Gordon reserves all of his rights at law, equity, and otherwise.

Very truly yours,

Benjamin J. Smith
for KRANE & SMITH, APC

BJS:fmc